NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>CFG HEALTH SYSTEMS, *et al.*,<br><br>Defendants. | Civil Action No. 25-18751 (MAS) (JBD)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff William Patterson's ("Plaintiff") civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I.    BACKGROUND

At the time of the events alleged in his complaint, Plaintiff was a state pretrial detainee housed in the Atlantic County Justice Facility. (ECF No. 1 at 3.) On November 25, 2025, Plaintiff went to the jail's medical unit seeking medical care for a swollen and apparently infected left foot. (*Id.* at 5.) Plaintiff was told that he could not be seen that day due to staff shortages, presumably

due to the proximity to a major holiday. (*Id.* at 5-6.) Plaintiff was thereafter taken back to medical on November 29, at which time he was given pain medication, but was not evaluated by a doctor despite further swelling. (*Id.* at 6.) The following day, Plaintiff's foot issue was referred by the on-duty nurse to the on-call doctor, who instructed jail staff to take Plaintiff to Shore Memorial Hospital for treatment. (*Id.*) The hospital diagnosed Plaintiff with a skin infection, and prescribed a strong antibiotic before returning him to the jail. (*Id.*) Plaintiff alleges, however, that he was not provided this medication for the next three days. (*Id.*) Based on these allegations, Plaintiff seeks to raise deliberate indifference to medical needs claims against the jail itself, the warden who Plaintiff alleges "failed to supervise" medical staff, and the jail's medical contractor, CFG Health Systems. (*Id.* at 3-4.)

## II.    LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A

2

complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.    **DISCUSSION**

Plaintiff seeks to raise deliberate indifference to medical needs claims against the Atlantic County Justice Facility, its warden, and its medical contractor based on the lack of medical treatment he received for his infected foot between November 25 and December 3, 2025. A county jail, however, is not a proper defendant in a civil rights proceeding. *See Harris v. Hudson Cty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015). The Atlantic County Justice Facility must therefore be dismissed from this matter.

Turning to the remaining defendants, Plaintiff seeks to hold liable the jail's warden and the contracting company that provides medical services to the jail based on the actions of unnamed

3

individual medical staff who treated him during the relevant period. A defendant in a civil rights proceeding may not be held liable based solely on his supervisory capacity or vicariously for the actions of his subordinates. Instead, a civil rights claim may only proceed where the named defendant was personally involved in the alleged violations of the plaintiff's rights. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Supervisory officials and contracting corporations can therefore only be held liable if the official in question was either directly involved, had knowledge of and acquiesced in the wrongdoings of others, or where he put into place a policy, practice, or custom which was the moving force behind the alleged violations. *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

Here, Plaintiff does not allege that CFG or the warden were directly involved in the alleged violations of his rights, nor does he allege facts showing that CFG or the warden were actually aware of and acquiesced in his alleged mistreatment. Plaintiff likewise has not identified any policy, practice, or custom that CFG or the warden put into place that was the moving force behind his alleged mistreatment by medical staff. Instead, Plaintiff seeks to hold them liable based solely on their supervision of their subordinates or employees who saw and treated Plaintiff's foot between November 25 and December 3, 2025. Because Plaintiff is thus relying on an improper vicarious theory of liability and has not alleged sufficient facts to establish that either CFG or the warden were personally involved in the alleged wrongs, he has failed to state a claim for relief against them. Plaintiff's medical claims must therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted against any of the named defendants. Plaintiff's complaint shall therefore be dismissed without prejudice in its entirety, and Plaintiff shall be granted leave to file an amended complaint within thirty days providing either additional facts or naming alternative defendants.

4

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. An Order consistent with this Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 7/15/26